# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JERONE JUNIOR LITTLE, | ) | |
| | ) | |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | 1:10CV664 |
| UNITED STATES OF AMERICA, | ) | 1:04CR380-1 |
| | ) | 1:04CR381-1 |
| | ) | 1:04CR382-1 |
| | ) | 1:04CR383-1 |
| Respondent. | ) | |

Petitioner Jerone Junior Little, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion pertains to four cases in this court in which Petitioner was charged with crimes related to his robberies of four banks (docket no. 29).[1] In the first case, 1:04CR380-1, Petitioner was charged with using force, violence, and intimidation to take $3,247 from a branch of the Bank of America on June 30, 2004, in violation of 18 U.S.C. § 2113(a). In 1:04CR381-1, he was charged with violating the same statute by robbing a branch of the Wachovia Bank of $1,100 on July 22, 2004. In 1:04CR382-1, he was indicted on a similar charge involving the taking of $2,348 from a branch of the First Citizens Bank on August 6, 2004. That indictment also charged him with putting in jeopardy the life of a bank employee by using a handgun in violation of 18 U.S.C. § 2113(d)

---

[1] This and all further cites to the record are to the criminal cases. The docket numbers are the same for all four cases.

and brandishing a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Finally, in 1:04CR383-1, Petitioner was also charged with violating the same three statutes used in the 1:04CR382-1 indictment; however, these charges related to the robbery of a branch of the Wachovia Bank on August 23, 2004.

Petitioner pled guilty to the charges under Section 2113(a) in cases 1:04CR380-1 and -381-1, the charges under Section 2113 (d) in cases 1:04CR382-1 and -383-1, and the charge under Section 924(c)(1)(A)(ii) in 1:04CR382-1 (docket nos. 15, 16). He received concurrent sentences of 76-months imprisonment for the 2113(a) and (d) convictions and a consecutive sentence of 84 months for the 924(c)(1)(A)(ii) conviction (docket no. 24). Petitioner did not file a direct appeal. On August 17, 2010, he did submit a document which was construed as a motion under Section 2255, but it was dismissed without prejudice due to procedural deficiencies (docket nos. 25, 26). Petitioner then filed his current motion under 2255 (docket no. 29). Respondent has filed a motion seeking to have Petitioner's 2255 motion dismissed (docket no. 32), Petitioner has filed a response (docket no. 34), and both parties' motions are now before the court.

**DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under Section 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. *Id.*; Fed. R. App. P. 4(b). Here, Petitioner's judgment was entered on March 24, 2005, and he did not appeal. His conviction became final on April 8, 2005, but Petitioner did not make his first attempt at collateral relief, at the earliest, until he submitted a pleading on August 17, 2010. This was more than five years after his conviction became final, which means that

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

his motion was filed well out of time under subsection (f)1**.**  Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his 2255 motion. Petitioner fails to allege or to show that any unlawful governmental action prevented him from filing this motion.  Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review.  Petitioner does not allege that he is relying upon any such right; however, in his third claim for relief, he alleges that his sentence under Section 924(c)(1)(A)(ii) should not have been consecutive.  He bases this argument on recent precedent from the Second and Sixth Circuit Courts of Appeal.  Unfortunately for Petitioner, these cases do not serve as Supreme Court precedent which would cause subsection (f)(3) to apply.  Furthermore, the United States Supreme Court recently rejected the theory espoused in the precedent to which he refers and confirmed prior Fourth Circuit precedent which mandated consecutive sentences for 924(c) convictions.  *See Abbott v. United States*, 131 S. Ct. 18, (Nov. 15, 2010)(citing with approval *United States v. Studifin*, 240 F.3d 415 (4th Cir. 2001)).  Therefore, Petitioner's claim would fail even if considered on the merits.  Quite clearly, subsection (f)(3) does not benefit Petitioner.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and were known to him at the time his judgment was entered. Therefore, this subsection also does not apply, and Petitioner's motion is untimely.

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner does not appear to raise any equitable tolling argument, and no basis for equitable tolling is apparent in the record.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 32 all cases) be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence (docket no. 29 all cases) be **DISMISSED** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
December 8, 2010